IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER J. SYRRAKOS,

      Plaintiff,

v.

DEF JAM RECORDINGS and
JAY WAYNE JENKINS,

      Defendants.

Case No. 14-cv-1197-pp

## DECISION AND ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE

On September 26, 2014, plaintiff Christopher Syrakkos filed a *pro se* complaint, which brought an action for copyright infringement against Def Jam Recordings, Universal Music Group, and Jay Wayne Jenkins. Dkt. No. 1. With the complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*, and the court granted that motion. Dkt. Nos. 2, 4.

In his October 7, 2014 decision and order granting the plaintiff leave to proceed without paying the filing fee, Judge Randa (the judge who originally was assigned the plaintiff's case) stated, "As an aside, the Court is skeptical that it will be able to exercise personal jurisdiction over the defendants in this case." Dkt. No. 4 at 2. The court noted that defendant Def Jam Recordings was located in California, and that defendant Jay Wayne Jenkins ("Young Jeezy") was from Atlanta. Id. Nonetheless, the court noted that "courts generally refrain from exploring personal jurisdiction *sua* sponte because it is an

1

affirmative defense that can be waived," and so it did not "speculate as to the type or quality of the defendants' contacts with the State of Wisconsin." Id. Accordingly, the court asked the marshal's service to try to serve the two defendants. Id.

On December 31, 2014, the clerk's office transmitted the complaint to the United States Marshal's Service for service. On March 31, 2015, the marshals returned unexecuted the summons as to Jay Wayne Jenkins. Dkt. No. 6. On April 8, 2015, the marshals returned unexecuted the summons as to Def Jam Recordings. Dkt. No. 7. On April 10, 2015, the clerk's office entered the unexecuted waivers of service. Dkt. No. 8.

When the court learned that the marshals had been unable to serve the defendants, the court set a status conference for May 11, 2015. The plaintiff appeared in person at the conference. At the hearing, the court explained that it tries to assist *pro se* litigants when they run into problems serving the complaint. Dkt. No. 10 at 1. The court determined, however, that the marshals had gone above and beyond to try to serve the defendants, and that without more information—an address, for example—they could go no further. Id.

The court asked the plaintiff how he would like to proceed with. Id. The plaintiff informed the court that he thought he could obtain an address for defendant Jenkins. Id. He also made it clear that he wanted to prosecute the case further. Id. He indicated that he believed that the defendants were aware that he'd sued them, and that they were trying to elude service. Id. The court informed the plaintiff that the law required the court to dismiss a case if the

plaintiff hadn't served it within 120 days, and that while the court could extend that deadline, it could not do so indefinitely. Id.

Because the plaintiff thought he could provide the court with additional information about the defendants' addresses, the court gave the plaintiff a deadline of June 19, 2015 to do so. Id. at 2. The plaintiff had until that date to file any addresses he could find, and to file any proof that the defendants knew of this lawsuit. Id. As of the date of this order, the plaintiff has not filed anything with the court.

Fed. R. Civ. P. 4(m) states that if a defendant has not served the complaint within 120 days after it was filed, the court "must dismiss the action without prejudice," or order that service be effectuated within a date certain. The plaintiff filed his complaint on September 26, 2014; the 120-day deadline specified by Rule 4(m) was January 26, 2015. The court extended the deadline to June 19, 2015, but as of that date (in fact, as of the date of this order), the plaintiff has not provided the court with any additional information. It has now been 273 days—over nine months—since the plaintiff filed his complaint, and it has yet to be served on the defendants.

Fed. R. Civ. P. 41(b) allows a court to dismiss a case for failure to prosecute.  The United States Supreme Court allows a court to dismiss a case for failure to prosecute *sua sponte*--on its own initiative--in order "to manage [its] own affairs" and "to achieve the orderly . . . disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). A district court may dismiss a case without explicit warning, when the plaintiff is "on notice that [his or her]

3

inactivity" has caused the court to consider taking such action. Thomas v. National Educ. Ass'n—South Bend, No. 14-1639, 2015 WL 113662 at *2 (7th Cir. 2015). A court has given adequate warning "so long as there is due warning that dismissal is a real possibility." Id. When a party seeks the assistance of "the judicial system by filing a lawsuit, . . . it can not [sic] decide for itself when it feels like pressing its action or when it feels like taking a break." James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005).

The plaintiff filed this case over nine months ago. As of the time the court held the status hearing on May 11, 2015, the plaintiff had never contacted the court to find out the status of his case, nor made any appearance other than the filing of the complaint. Although the plaintiff appeared at the status conference on May 11, 2015, the court has not heard from him since. Despite the court's June 19, 2015 deadline, the plaintiff has not produced any additional information about the defendants' addresses or their potential knowledge of this suit. While the court understands the challenges of pursuing a case without an attorney, it cannot allow the case to sit indefinitely; it warned the plaintiff of this fact when he appeared at the May 11 status. Therefore, the

4

court will dismiss this case. It does so without prejudice. If the plaintiff later finds the addresses he needs, he may file a new complaint.

The court **DISMISSES WITHOUT PREJUDICE** the complaint filed by Christopher Syrrakos on September 26, 2014.

Dated at Milwaukee, this 26th day of June, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge